OPINION OF THE COURT
Burton G. Hecht, J.
The defendant John Esteves has been charged by three summonses with the following violations:
(1) Summons No. 75 049151 2 holding animals for sale and for grooming, in violation of subdivision (a) of section 161.09 of the New York City Health Code; operating a shelter for homeless animals without a permit having been issued by the commissioner, in violation of subdivision (b) of section 161.09 of the New York City Health Code.
(2) Summons No. 75 049027 4 importing dogs into the State of New York without providing a health certificate signed by a verterinarian accredited in the State of origin, in violation of 1 NYCRR 65.1 (a).
(3) Summons No. 75 049152 3 failing to provide individual cages for each dog or cat three months of age or over, in violation of section 161.17 of the New York City Health Code.
Defendant has moved for dismissal of all the charges on a number of grounds, including lack of jurisdiction by this court and errors in the issuance and form of the summonses setting forth the afore-mentioned charges.
On the issue of jurisdiction defendant argues that since the alleged violations took place in Kings County, a Judge sitting in New York County would not have proper jurisdiction in this matter. While it is true that New York County has been designated the sole location for the Summons Part óf the Criminal Court of the City of New York,* the Criminal Court has been established as a single, city-wide court. (NY *72 City Grim Ct Act, § 20.0.) Section 30 of the New York City Criminal Court Act specifically provides that "each of the judges of the court shall have jurisdiction throughout the city, and may perform any and all of the duties and functions of a magistrate in and for any one of the counties in the city.” Clearly, then, this court has proper jurisdiction over the defendant.
Beyond the issue of jurisdiction, defendant has also raised questions regarding the sufficiency of the accusatory instruments themselves. As an initial point it should be noted that the defendant has been served with universal summonses and not appearance tickets. This fact is of some importance since it determines, among other things, who may properly issue them. Copies of the papers indicate that the first summons was issued by James D. Hill, an agent of the American Society for the Prevention of Cruelty to Animals (ASPCA), the second by Thomas J. Langdon, also an ASPCA agent, and the third by Howard Levin, a veterinarian associated with the New York City Department of Health. All three were served on December 22, 1977 at 11:55 a.m. Two of the summonses bear the address "222 Atlantic Ave.” as the place of the occurrence; the third gives "224 Atlantic Ave.” as the address.
A summons may properly by issued by members of the police force and other designated peace officers in the City of New York. (See Rules of the Criminal Court of the City of New York, 22 NYCRR 2950.10 [a].) Special agents of the ASPCA are included under the designation of "peace officer”, as set forth in CPL 1.20 (subd 33, par [m]). They are, therefore, properly authorized to issue the summonses in this case. Dr. Levin is also a peace officer, by authority of section 564-11.0 of the Administrative Code of the City of New York. This section specifically provides that he may procure, countersign and serve summons "with like force and effect as a police officer”. From these facts it must be adduced that the summonses in question were properly served by authorized individuals.
The defendant has pointed out that two of the summonses bear the address "222 Atlantic Ave.” rather than "224 Atlantic Ave.” Clearly this is a nonprejudicial and amendable clerical error. The third summons bears the correct address. All three were apparently issued to the same person at the same time, and all three arise out of related conditions or occurrences. Therefore the summonses bearing the "222” *73 address will not be dismissed on the basis of a mere defect in form.
Defendant’s other grounds for dismissal raise questions of fact which are properly the subject of a hearing.
Accordingly defendant’s motion to dismiss the charges against him is denied.

 It is our understanding that prior to 1975, individual summons parts did exist in the various counties. Due to economic exigencies, however, these parts have since been consolidated at one location, 346 Broadway, New York, New York.