OPINION OF THE COURT
Herbert A. Posner, J.
This is a motion to dismiss for lack of venue. On the basis of a sworn complaint made by Mr. Isidore Wolk of Brooklyn, New York, the defendant was charged with harassment, a violation under section 240.25 of the Penal Law. Mr. Wolk alleges that the incident occurred on August 2, 1979 at about 11:00 a.m., in front of the Malboro Theatre, at Bay Parkway and West 10th Street, located in Kings County. The defendant was arraigned on October 24, 1979 in the Criminal Court of the City of New York at 346 Broadway, and thereafter the case was adjourned five times.
*672 The instant motion was initiated by defendant on January 2, 1980. The supporting affirmation states, inter alia:
"The City of New York, has seen fit to centralize a certain portion of the Criminal Court of the City of New York at 346 Broadway * * * Although the jurat indicates that this matter was sworn to in the County of Kings and further indicates that this is a Kings County matter, the Courthouse in which this matter is pending is located in the Borough of Manhattan, County of New York. There is no justification for the City of New York to have arbitrarily removed the within matter from Kings County and designated New York County as the place for this matter to be heard.”
CPL 170.30 (subd 2) mandates that a motion pursuant to this section be made within the period provided by CPL 255.20, which is limited to 45 days after arraignment. Technically, the court could have disposed of this motion as being untimely. Nevertheless, the important underlying question raises constitutional problems relating to court administration, and this court would thus prefer to resolve the motion in the spirit of CPL 255.20 (subd 3), which gives the court discretion to permit an untimely motion to be disposed of on the merits.
In People v Moore (46 NY2d 1), which was only recently the basis of another Court of Appeals decision on the question of venue (see People v Cullen, 50 NY2d 168), the principle was firmly laid that a defendant has the right, at common law and under the State Constitution (NY Const, art I, § 2) to be tried in the county where the crime was committed unless the Legislature has provided otherwise, and the burden is on the People to prove that the county where the crime is prosecuted is the proper venue. The present statute dealing with venue is CPL 20.40 (geographical jurisdiction of offenses; jurisdiction of counties). A careful reading of all the provisions in 20.40 clearly indicates that where all the elements of the offense occur within one county that is where the defendant is "legally accountable”. Therefore, there would appear to be strong support for defendant’s motion.
The self-same argument was made before Judge Hecht, in People v Esteves (95 Misc 2d 70, 71) in a strikingly similar situation: "On the issue of jurisdiction defendant argues that since the alleged violations took place in Kings County, a Judge sitting in New York County would not have proper jurisdiction in this matter.” This argument was discarded as *673 follows: "While it is true that New York County has been designated the sole location for the Summons Part of the Criminal Court of the City of New York, the Criminal Court has been established as a single, city wide court. (NY City Crim Ct Act, § 20.0). Section 30 of the New York City Criminal Court Act specifically provides that 'each of the judges of the court shall have jurisdiction throughout the city, and may perform , any and all of the duties and functions of a magistrate in and for any one of the counties in the city.’ Clearly, then, this court has proper jurisdiction over the defendant” (pp 71-72).
It would seem that the instant matter should be resolved simply along the lines of the Esteves case, and the motion denied. However, this would leave the constitutional issue unresolved, since the Moore case clearly proclaims a constitutional right for a defendant to be tried in the county where the crime was committed. In other words, how can one resolve the city-wide court jurisdiction of the New York City Criminal Court as provided by sections 1 and 15 of article VI of the New York State Constitution and codified in sections 20 and 30 of the New York City Criminal Court Act, with the limitation placed upon geographical jurisdiction, provided by the New York Constitution (art I, § 2), and as codified in CPL 20.40?
It is the opinion of this court that a careful study of the applicable constitutional provisions will unravel and reveal that there is really no conflict at all. First, let us look at the United States Constitution. The Sixth Amendment reads: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law” (emphasis added). As was comprehensively presented in the Court of Appeals decision People v Goldswer (39 NY2d 656, 659), the common law developed the doctrine that the accused had the right to be tried by a jury of the neighborhood or vicinage, which was interpreted to mean the county where the crime was committed (4 Blackstone’s Commentaries, p 344; Blume, The Place of Trial of Criminal Cases: Constitutional Vicinage and Venue, 43 Mich L Rev 59). The Goldswer decision also traces the development of section 2 of article I of the New York Constitution (at pp 660-661). The first Constitution for New York State provided that "trial by jury in all cases in *674 which it hath been used in the Colony of New York shall be established and remain inviolable forever.” The Constitution now states: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever” (art I, § 2).
From the above it is quite clear that the constitutional (Federal and State) and common-law foundation for the venue rule applies only to jury trials — hence, only to offenses wherein the defendant is entitled to a trial by jury.
Within the past 12 years the United States Supreme Court has made it clear that the Constitution’s Sixth Amendment guarantee of a jury trial for "serious offenses” is a fundamental right which the States are mandated to observe by reason of the due process clause of the Fourteenth Amendment (Duncan v Louisiana, 391 US 145). Subsequently, the Supreme Court defined a "serious offense”, such as entitles the defendant to a jury trial (pursuant to Duncan), as one which consists of any offense carrying a possible prison sentence of more than six months (Baldwin v New York, 399 US 66).
In the instant case we are dealing with a "minor offense”, the violation (not crime) of harassment. The maximum penalty for harassment being less than six months, the defendant is not entitled constitutionally or statutorily to a jury trial. Therefore, CPL 20.40 does not apply and the defendant can be tried anywhere within the jurisdiction of the Criminal Court of New York City (New York City Grim Ct Act, §§20, 30). While one may criticize the court bureaucracy for consolidating all "Universal Summonses” and "Requests to Appear”[1] at one location in Manhattan (346 Broadway) for offenses committed in all five counties, there is no doubt that the Criminal Court of the City of New York has jurisdiction to do this for all "minor offenses”.[2]
The practice of consolidating all administrative summonses[3] *675 at 346 Broadway is obviously an efficient and economical way of enforcing administrative violations. By having one corporation counsel and adjunct personnel from each city agency concentrated at one location, the city realizes a great savings in adminstrative costs. In addition, a greater workload for the same personnel gives them enhanced experience and efficiency* **[4] as compared to a decentralized system — spread out in five counties. However, with regard to all other cases coming before a Judge at 346 Broadway,[5] the District Attorney of New York County refuses to make available an Assistant District Attorney to prosecute these cases on behalf of the "People”. This forces the presiding Judge to take part in the examination of the witnesses; thereby, in many cases assisting the "People” to make out a prima facie case. In the humble opinion of this jurist, such a role placed upon a Judge is contrary to the basic position of neutrality that every Judge should occupy. A person is deprived of a fair trial if the Judge also acts as a prosecutor. To avoid any injustice (whether in appearance or in actuality) only administrative summonses should be prosecuted (by Corporation Counsel) at 346 Broadway. The proper forum for all other matters is the criminal court of the county in which the offense occurred.
Motion to dismiss denied and trial is ordered forthwith.

. "Requests to Appear” are notices sent out to a potential defendant, based upon a complaint filed at 346 Broadway in Manhattan. When both parties appear before a Judge, he determines whether there, are sufficient facts to justify the filing of a formal complaint (as was done in this case).

. While the instant case involves a "minor offense”, offenses considered "serious” are also consolidated at 346 Broadway, and these cases may very well be statutorily and constitutionally defective unless the misdemeanor falls into one of the statutory exceptions contained in CPL 20.40.

. Administrative summonses are those issued by the Building Department, the Fire Department, the Health Department, etc., for offenses described in the Administrative Code of the City of New York. Many of these violations are strictly that— *675 "violations” — and are considered "minor offenses”. However, there are a number of administrative violations in reality that are "serious offenses” because they are considered class A misdemeanors.

. During the two weeks this jurist was recently at 346 Broadway, I was very impressed with the acumen and knowledge of the Corporation Counsel, one H. Schatz, Esq.

. These other offenses are based either on summonses issued by a police officer or an individual complainant (as in this case).