opinion of the court
Raymond E. Cornelius, J.
Several unique issues, both procedural and substantive, have been presented by a motion to dismiss charges for a possessory crime, filed in a county to which the accused had been lawfully transported by members of law enforcement. Specifically, as part of the omnibus motion, the defendant has made application to dismiss an indictment (No. 733, filed Oct. 21,1982), which has accused him of the crime of criminal possession of a controlled substance in the fourth degree, and, during oral argument, requested a pretrial hearing be held to address the factual issues. The indictment charges that “The defendant, on or about September 8, 1982, in the County of Monroe, State of New York, knowingly and unlawfully possessed one milligram or more of lysergic acid diethylamide.”
The defendant had previously been accused of two counts of criminal sale of a controlled substance in the second degree and one count of criminal possession of a controlled substance in the second degree, again involving lysergic acid diethylamide (LSD), by another indictment (No. 644, *311 filed Sept. 3, 1982). As a result of this indictment, a warrant was issued and the defendant was arrested, in New York City, on September 8, 1982. The motion to dismiss the indictment, in relevant part, alleges as follows: “That near the time of his arrest he was searched by the police who did and/or should have discovered any contraband on him. That thereafter the defendant was taken to Rochester, N.Y., in police custody. That it was improper to thereafter charge him in Monroe County, the place of his arrest having the proper jurisdiction.”
The trial on the first indictment (No. 644) was commenced on February 28, 1983, and concluded on March .8, 1983, after the jury returned a verdict of guilty as to all counts. The defendant testified on his own behalf, and, in substance, asserted that by mere happenstance he found himself in the company of persons who were involved in a drug transaction with another individual, whom it was later discovered was an undercover police officer. The defendant further testified that he was unfamiliar with LSD, and had observed that substance, for the first time, in the courtroom.
After the defendant’s testimony, he did not return to court, and, as far as can be ascertained, did not return to the jurisdiction of Monroe County. Nevertheless, the trial continued in his absence. (See People v Parker, 57 NY2d 136, 142.) In rebuttal, the People were permitted to introduce evidence of the possession of LSD on September 8, 1982, on the issue of intent and knowledge, as well as to negative mistake or accident. (People v Molineux, 168 NY 264.) In particular, an undercover Rochester police officer testified that the defendant was arrested at a restaurant in New York City on September 8, 1982, and, although preliminarily searched, the blotter form LSD, which had been secreted in the defendant’s wallet, was discovered and removed only after the defendant had been transported back to Monroe County.
In opposition to the motion, the District Attorney contends that the defendant’s motion to dismiss the pending indictment is, in essence, based upon the theory of improper venue. Although not generally contested, venue for the prosecution of a crime, when made an issue, is a *312 question of fact for the jury to resolve, under appropriate instructions from the court. (People v Cullen, 50 NY2d 168; People v Moore, 46 NY2d 1; People v Tullo, 34 NY2d 712; People v Hetenyi, 304 NY 80.)
In the present case, there does not appear to be any question of fact, for purposes of the motion, at least, as to whether the defendant knowingly possessed LSD, on September 8,1982, within the County of Monroe. (Cf. People v Cullen, supra.) The County of Monroe would therefore appear to be an appropriate jurisdiction for purposes of prosecuting the defendant for the crime of criminal possession of a controlled substance in the second degree. (CPL 20.40, subd 1, par [a].) Accordingly, the motion to dismiss the indictment, insofar as it is based upon a “jurisdictional or legal impediment to conviction of the defendant for the offense charged” should be denied. (CPL 210.20, subd 1, par [h].) Similarly, the allegations contained in the indictment fail to demonstrate “that the court does not have jurisdiction of the offense charged” (CPL 210.20, subd 1, par [a]; 210.25, subd 2).
Although the motion to dismiss the indictment alleges that the County of Monroe is an improper jurisdiction, it would appear to the court that the grounds, for which dismissal is sought, is more directly addressed to the circumstances under which the defendant allegedly possessed the controlled substance within this county. There may be circumstances, under which such possession would not be unlawful. For example, if the police did, in fact, know that the defendant possessed LSD at the time of his arrest, in New York City, and thereafter, deliberately refrained from seizing the LSD until such time as the defendant was returned to Monroe County for the purpose of prosecuting him in this county, the affirmative defense of entrapment may be available. (Penal Law, § 40.05.) However, entrapment is also a question of fact for the jury.
In addition, there may be instances in which the police conduct is violative of a defendant’s rights to such an extent that a pretrial hearing should be held to enable the court to make separate findings of fact, prior to trial, based upon a motion to dismiss the indictment. (See People v Isaacson, 44 NY2d 511; Matter of De Canzio v Kennedy, 67 *313 AD2d 111, mot for lv to app den 47 NY2d 709.) In this case, however, neither the motion papers nor the testimony at the trial of the first indictment give any basis for the court concluding that the police engaged in such conduct, for the purpose of prosecuting the defendant in this jurisdiction. Therefore, the motion to dismiss the indictment should be denied, without a hearing.
The omnibus motion does not contain any motion to suppress the contraband seized on September 8, 1982. Therefore, the court, in summary, holds that a pretrial hearing is not required to resolve any of the issues raised by the motion to dismiss. Furthermore, the court rules that a possessory crime may be properly prosecuted in the county to which an accused is otherwise lawfully transported by a law enforcement agency.