OPINION OF THE COURT
Wachtler, J.
The defendant was indicted and convicted in Kings County for rape and sexual abuse in the first degree. The offenses allegedly occurred in the defendant’s car while parked in Queens County near the Kings County border. The trial court held, as a matter of law, that Kings County[1] had jurisdiction to prosecute the offenses pursuant to CPL 20.40 (subd 4, pars [c], [g]). The Appellate Division reversed and ordered a new trial on the ground that a question of fact was presented as to whether the crimes were committed within 500 yards of the boundary between the two counties (see CPL 20.40, subd 4, par [c]). On this appeal the prosecutor urges that Kings County had jurisdiction pursuant to CPL 20.40 (subd 4, par [g]) which states: "An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip.” The prosecutor also argues that there was no question of fact with respect to the application of the statute in this case.
At the trial the complainant testified that she resided in Brooklyn and had been acquainted with the defendant for approximately three years prior to the incident. On May 12, 1974, she went with the defendant to a Brooklyn social club where he was employed. They went in the defendant’s car and, on the way, picked up the complainant’s girl friend who also resided in Brooklyn. At approximately 10 p.m. the women asked the defendant to take them home. The defendant first *5 brought complainant’s girl friend home and then briefly returned to the club to speak with his employer. Later, while driving the complainant home the defendant entered Highland Park, stopped in a parking lot and told her that he wanted to have intercourse with her. When she refused, he assaulted and raped her. Afterwards, as they were leaving the park, the defendant stopped for a traffic light and the complainant jumped from thé car and escaped.
A police officer testified that Highland Park is on the border between Kings and Queens County and that the parking lot is located in Queens County. He initially stated that the place where the incident occurred is approximately 100 yards from the county line but later testified that he had measured the distance in a police car and that it was less than three tenths of a mile from Brooklyn. The People also submitted a map of the area marking the place where the crime occurred. The defendant did not testify or call any witnesses on his behalf.
During the trial the defendant argued that the jurisdictional issue should be submitted to the jury as a question of fact. At that stage the court informed the jury pro tanto that the evidence was relevant because a crime committed within 500 yards of the county line could be prosecuted in either county[2] and took judicial notice of the fact that the place where the complainant said the crime occurred was less than 500 yards from the border. The court also stated that it would be for the jury to decide "where the alleged crime took place” and that they would receive additional instructions later. However, before formally charging the jury, the court advised the parties that it had decided to deny the defendant’s motion and that it would not permit the jury to pass on the question of jurisdiction. The court expressly relied on CPL 20.40 (subd 4, par [g]) and noted that "There, isn’t any question from the evidence so far adduced in this case that this vehicle started the trip in the Borough of Brooklyn, went through the Borough of Queens and went back into the Borough of Brooklyn.”
The following day the court stated to the parties that it wanted to make it clear that the defendant’s motion, with respect to the jurisdictional issue was denied and "that the court has ruled that the alleged crime was committed in the County of Kings.” The court, then explained that it did not *6 mean that the crime was physically committed in Kings County but "within five hundred yards in accordance with the statute” and that this determination was based on a mathematical calculation of the distance from the map in evidence and on the police officer’s testimony which had not been refuted, that the crime scene identified by the complainant was less than three tenths of a mile from the county line. Subsequently, during the charge to the jury the court stated "At the outset I want to say to you that I have decided the legal question as to whether or not this court has jurisdiction in Kings County so that you are not to concern yourself with that question at all.”
On this appeal the People do not rely on CPL 20.40 (subd 4, par [c]). They concede that the Appellate Division correctly held that a question of fact was presented as to whether the crimes were committed within 500 yards of the county line. The People urge, however, that Kings County acquired jurisdiction pursuant to CPL 20.40 (subd 4, par [g]) and that the trial court properly held that there was no question of fact for the jury to resolve since it is undisputed on this record that the crimes occurred in a private vehicle which had passed through Kings County to Highland Park in Queens County. The defendant argues that this statute has no application to cases where the crime alleged occurred at an ascertainable location. In the alternative he claims that it was still for the jury to decide,, as a question of fact, whether the crimes were committed in the defendant’s car during a trip through both counties as the complainant had testified.
At common law and under the State Constitution the defendant has the right to be tried in the county where the crime was committed unless the Legislature has provided otherwise (People v Goldswer, 39 NY2d 656, 659-661; NY Const, art I, § 2). The burden is on the People to prove that the county where the crime is prosecuted is the proper venue because either the crime was committed there (People v Hetenyi, 277 App Div 310, affd 301 NY 757; see, also, People v Hetenyi, 304 NY 80) or one of the statutory exceptions is applicable (People v Tullo, 34 NY2d 712). Venue, however, need not be proven beyond a reasonable doubt; a preponderance of the evidence will satisfy the People’s burden (People v Hetenyi, supra; People v Tullo, supra). Any question with respect to where a boundary lies should usually be decided by the court (People v Hillman, 246 NY 467). But generally it is *7 for the jury to decide, as a matter of fact, the place where the crime was committed (People v Hetenyi, supra) or any other fact relevant to venue (People v Tullo, supra).
When the defendant requests the court to instruct the jury to determine the factual predicate for the venue it has been held to be error to refuse the charge even though the People’s proof with respect to venue may be uncontradicted (People v Hetenyi, supra). It is fundamental that the defendant’s plea of not guilty puts the People to their proof on the indictment and is alone sufficient to raise factual issues for the jury to resolve with respect to the credibility and sufficiency of the People’s evidence (People v Walker, 198 NY 329; People v Coleman, 42 NY2d 500, 508). The same principle applies generally to the venue issue (People v Hetenyi, supra). That is not to say that the court must always charge the jury with respect to venue. The defendant may concede that the venue is proper or he may admit the facts upon which venue is based (cf. People v Brady, 16 NY2d 186, 190). And of course the defendant may fail to request the charge. But when requested to submit the issue to the jury it is doubtful whether it would ever be proper for the court to deny the request and decide the issue as a matter of law on the theory that the People have met their burden by uncontradicted proof.
In any event in this case even if the complainant’s testimony were credited, Kings County could not establish jurisdiction by relying solely on the private vehicle trip statute (CPL 20.40, subd 4, par [g]) in view of the complainant’s ability to otherwise identify the place where the crime was allegedly committed. Statutory exceptions to the rule that the prosecution should be held at the place where the crime was committed were created out of necessity. Strict adherence to the common-law rule often created insurmountable obstacles to prosecution. For instance, if part of the crime had been committed in one county and part in another the defendant could not be tried in either (Murtagh v Liebowitz, 303 NY 311, 316). In this and similar cases where the law would otherwise be frustrated, the general rule was altered by statute to insure that there would always be some forum where the crime could be prosecuted (see, e.g., 1 Chitty, Criminal Law, pp 179-189; 4 Blackstone’s, Commentaries, pp 303-306).
The private vehicle trip statute (CPL 20.40, subd 4, par [g]) went into effect in 1971 as part of the over-all redrafting of *8 the former Code of Criminal Procedure (see, L 1970, ch 996, § 1). It had no counterpart in prior law (but cf. Code Crim Pro, § 137). The drafters noted however that CPL 20.40 (subd 4) — of which the private vehicle statute is a part — was designed to apply "in certain narrow situations, such as those involving offenses committed on bridges, trains, and ships, or on designated bodies of water” (see Commission Staff Comment to Proposed CPL 10.40, subd 4, now CPL 20.40, subd 4). The purpose of the statute is readily apparent. When a crime is committed in an automobile during the course of a trip it may be impossible to determine in what county the offense occurred. In those cases the statute insures a forum by authorizing prosecution of the offense in any county through which the vehicle passed in the course of the trip. The problem, however, was never encountered in this case since here the complainant was able to identify the place where the crime was committed despite the use of the automobile. Thus the statute is inapplicable.
We also note that although the statute was only recently enacted in this State, it has a long history in other jurisdictions. There it has been held that the statute serves a limited purpose by assuring "that venue will lie somewhere when the exact site of an offense cannot be ascertained because it was committed in a moving vehicle” (People v Bradford, 17 Cal 3d 8, 16) or "during journeys from place to place” (Commonwealth v Stefanowicz, 133 Pa Super Ct, 501, 504), and "must be held inapplicable where, as here, the location of the crime is readily identifiable” (People v Bradford, supra, p 17; see, also, Watt v People, 127 Ill 9; People v Goodwin, 263 Ill 99; Commonwealth v Tarsnane, 170 Pa Super Ct 265). There is nothing in the history of CPL 20.40 (subd 4, par [g]) to indicate that the Legislature intended it to serve any broader purpose than this or to have any wider application. In response to the dissenter, suffice it to say that our determination that the order of the Appellate Division should be affirmed does not flow from a sense of justice denied nor a spirit of mercy but rather an accurate reading and application of the law and its historical relevance. To characterize this as a technicality without "social significance or impact” is to demean the purpose of judicial review.
Accordingly the order of the Appellate Division should be affirmed.

. Kings County and Brooklyn are referred to interchangeably since they both embrace the same geographic area.

. CPL 20.40 (subd 4, par [c]) states "An offense committed within five hundred yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county.”