OPINION OF THE COURT
Harold Fertig, J.
The defendant Lenny Berg is charged with the offense of promoting gambling in the second degree, a class A misdemeanor under section 225.05 of the Penal Law, which offense is alleged to have occurred at a premises known as 95-20 222nd Street, Queens Village, County of Queens, New York.
For the purposes of jurisdiction, the District Attorney of Nassau County relies, under CPL 20.40 (subd 4, par [c]), on such offense being committed within 500 yards of the boundary between Queens and Nassau Counties.. The object of defendant’s present motion is dismissal of the charges, it being his contention that CPL 20.40 (subd 4, par [c]) is inapplicable and, therefore, the court is without jurisdiction of the offense.
*727 CPL 20.40 (subd 4) provides:
"Jurisdiction of such offense is accorded to the courts of such county pursuant to any of the following rules: * * *
"(c) An offense committed within five hundred yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county.”
The People maintain that the above section is clear on its face insofar as it extends the jurisdiction of any particular county 500 yards beyond its border. Defendant, on the other hand, relying upon People v Moore (46 NY2d 1) contends that this section is not applicable in circumstances where the crime has been allegedly committed at a readily identifiable location wholly within Queens County, despite such location being within 500 yards of the Nassau County line.
The particular facts of Moore involved CPL 20.40 (subd 4, par [g]) which states: "An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip.”
The defendant in Moore allegedly committed a rape in a private vehicle parked in Queens County after driving the victim over from Kings County. The defendant was prosecuted in Kings County pursuant to jurisdiction seemingly conferred by CPL 20.40 (subd 4, par [g]). However, in that case, the court held the statute inapplicable.
Simply stated, the holding in Moore (supra) reflects the court’s view that: The offense was not committed "during a trip” (see CPL 20.40, subd 4, par [g]) but, rather, at a fixed location and an offense, having been committed at an identifiable location, ought to be prosecuted within the county of its commission despite the fact that such criminal act was committed after an automobile trip which traversed county lines.
Reference is made in Moore (supra, p 8) to the fact that this statute (CPL 20.40, subd 4) was enacted "to apply 'in certain narrow situations, such as those involving offenses committed on bridges, trains, and ships, or on designated bodies of water’”. This limitation, however,.as is clear from a reading of the pertinent sections, extends to CPL 20.40 (subd 4, pars [d], [e], [f], [h], [i]) only. Insofar as CPL 20.40 (subd 4, par [g]) was concerned, the court, in Moore (supra, p 8) upon examination of cases decided in sister States, held the statute "serves a limited purpose by assuring 'that venue will lie somewhere *728 when the exact site of an offense cannot be ascertained because it was committed in a moving vehicle’ * * * and 'must be held inapplicable where, as here, the location of the crime is readily identifiable’
Notwithstanding the limitations imposed upon the operation of CPL 20.40 (subd 4, par [g]) by virtue of the Moore decision, this court finds no reason to extend the reasoning of that case to the circumstances of the present case. In so holding the court notes that the holding of Moore was limited to CPL 20.40 (subd 4, par [g]) and that a reading of CPL 20.40 (subd 4, par [c]) reveals that section does not limit itself to instances in which the precise location of the criminal act cannot be determined. Thus, jurisdiction is validly conferred if criminal acts are committed within 500 yards of the county border (People v Riley, 58 AD2d 816), and the defendant’s motion should be denied.