OPINION OF THE COURT
Jasen, J.
The issue presented on this appeal is whether there is *172 evidence in the record to support the jury’s finding that Nassau County had geographical jurisdiction of the offense of which defendant was convicted.
Defendant, Paul Cullen, agreed to assist a confidential informant in obtaining a substantial quantity of peyote, a controlled substance. On February 9, 1976, the confidential informant telephoned defendant and arranged the sale which formed the basis of the instant criminal charges. Thereafter, the informant and an undercover police officer drove to defendant’s home in Nassau County, picked up defendant and then proceeded, in the officer’s car, to New York County where the actual sale was to occur. Upon arrival in New York County, the officer gave defendant $120, the agreed purchase price of the drugs. The officer and the informant then waited in the officer’s car while defendant went to an undisclosed location to make the purchase. Defendant returned with the drugs a short time later and gave them to the officer. The three men then returned to Nassau County.
On April 13, 1976, defendant was indicted by a Nassau County Grand Jury and charged with criminal sale of a controlled substance in the second degree (Penal Law, § 220.41), criminal possession of a controlled substance in the second degree (Penal Law, § 220.18) and criminal possession of a controlled substance in the third degree (Penal Law, § 220.16). Prior to trial, defendant moved to dismiss the indictment upon the ground that the Nassau County Court lacked geographical jurisdiction of the offenses charged. This motion was denied. At the close of the People’s case and again at the close of all the evidence, the defendant renewed his motion to dismiss. Each time the trial court denied the motion, ruling that it was for the jury to determine whether facts sufficient to support jurisdiction in Nassau County had been demonstrated.
Thereafter, the trial court charged the jury, without objection, that Nassau County would have jurisdiction of the offenses charged if the jury found either: (1) that defendant had formed an intent to sell or possess drugs in Nassau County such that this element of the crimes or an attempt to commit the crimes could be found to have occurred there; or (2) that the offense occurred in a private vehicle during a trip extending through more than one county.
The jury found the defendant not guilty of the crimes of criminal sale of a controlled substance in the second degree *173 and criminal possession of a controlled substance in the third degree and guilty of criminal possession of a controlled substance in the second degree.
On appeal, the Appellate Division, Second Department, reversed defendant’s conviction and dismissed the indictment, ruling that the fact that the sale occurred in New York County precluded, as a matter of law, any finding that Nassau County had jurisdiction of the offense of possession of a controlled substance in the second degree. There should be a reversal.
The judgment of conviction can be reversed as a matter of law only if there is no evidence in the record upon which the jury could have found jurisdiction. In this case, there is such evidence. Therefore, defendant’s motion to dismiss was properly denied.
At trial, the confidential informant testified that during the return trip from New York County to Nassau County, the paper bag which contained the illegal drugs was passed around inside the car and that defendant at one point actually had possession of the drugs. On the basis of this testimony, the jury could easily have found that the offense of possession occurred in a private vehicle during a trip extending through more than one county. This being so, the Appellate Division erred in holding, as a matter of law, that the jury could not have found that Nassau County had jurisdiction of the offense of possession. Since defendant did not object to the trial court’s charge on the issue of jurisdiction, this charge, although erroneous, has become the law of the case. And, on the basis of that charge, the jury could also have found that the defendant formed the culpable mental state which is the element of the crime of possession in Nassau County.
Inasmuch as the Appellate Division predicated its decision on the law, it is apparent that the court did not exercise its broad power to review questions of fact. (See CPL 470.15, subd 1.) Accordingly, the case must be remitted to the Appellate Division for a determination of whether the jury’s implicit finding, in accordance with the Trial Judge’s instruction, that Nassau County had jurisdiction of the offense of possession, is against the weight of the evidence. If the court determines that the jury’s finding of jurisdiction was, in fact, against the weight of the evidence, then dismissal of the indictment would be proper. (CPL 470.20, subd 5.)
In the event, however, that the court finds that the *174 jury’s implicit finding of jurisdiction is not against the weight of the evidence, the defendant would be entitled to a new trial. Defendant was arrested pursuant to an arrest warrant. Although he was advised of his constitutional rights at police headquarters and purportedly waived them, defendant was not provided with counsel during the interrogation when he admitted that "he sold two pounds [of peyote] to Nick and Mike down at the village.” As our recent decision in People v Samuels (49 NY2d 218) indicates, a defendant cannot waive his rights in the absence of counsel after being arrested pursuant to an arrest warrant. We also held in the Samuels case that this infringement of a defendant’s right to counsel may be raised for the first time on appeal. (Id., at p 221; see, also, People v Ermo, 47 NY2d 863.) Thus, even if jurisdiction is sustained on the facts upon remittal, defendant is entitled to a new trial at which his admissions to the police must be suppressed.
Should a new trial be necessary, two deficiencies in the trial court’s original charge should also be corrected. The trial court charged the jury that Nassau County would have jurisdiction of the crimes charged if the jury found that the offenses occurred in a private vehicle during a trip through more than one county. In doing so, the trial court simply read the provisions of CPL 20.40 (subd 4, par [g]) to the jury. This was error. In People v Moore (46 NY2d 1), this court held that CPL 20.40 (subd 4, par [g]) was intended to apply only in those instances where the county in which the crime occurred is unknown. Thus, while the statute might apply to the instant case, it may be so applied only if the jury is instructed in accordance with our decision in Moore. We note also that before the People are entitled to the benefit of such a charge, the prosecutor must, in good faith, elicit all facts tending to show the exact location where the crime was committed. If, after such an effort, it cannot be determined whether the crime of possession occurred in New York County or Nassau County, then a properly instructed jury may find that either county has jurisdiction of the offense.
The trial court, relying upon CPL 20.40 (subd 1, par [a]), also charged the jury that Nassau County would have jurisdiction of the offenses charged if it were shown that the element of intent to possess or to sell the controlled substance had been formed by defendant in Nassau County. Inasmuch as any retrial would be limited to the crime of possession of a *175 controlled substance in the second degree, such a charge would be inappropriate. Section 220.18 of the Penal Law states that a person who "knowingly and unlawfully” possesses a controlled substance commits the crime of criminal possession of a controlled substance in the second degree. In our view, the statute requires that "knowledge” and "possession” occur at the same time. The separate element of knowledge cannot occur before possession occurs. Thus, we do not believe that CPL 20.40 (subd 1, par [a]) can supply a jurisdictional predicate for the crime of criminal possession of a controlled substance upon the theory that "knowledge” occurred in one county and "possession” in another.
Accordingly, the order appealed from should be reversed, the indictment reinstated, and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with this opinion.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.