OPINION OF THE COURT
Rena K. Uviller, J.
The defendant has moved to vacate his guilty plea and to dismiss the indictment because of lack of jurisdiction. Alternatively, he seeks a discretionary order permitting him to withdraw his plea. Two questions are presented by this motion. The first is the proper county for prosecution of crimes committed aboard moving subways. The second is whether the appropriate county for prosecution in a case of this sort is a jurisdictional issue or one of venue only, which may be waived by a knowing guilty plea.
The defendant was indicted in New York County on January 22,1982 for the crimes of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. He was charged with a stabbing on New Year’s day, 1982, aboard a subway train that was traveling from Manhattan to The Bronx.
Although defendant was arrested in The Bronx as he alighted from the train, Bronx Central Booking referred the case to this county because the complainant alleged he *775 was stabbed while the train was still in Manhattan. Until this motion to dismiss, the defendant never moved either to dismiss for lack of jurisdiction or for a change of venue.
On August 16, 1982, the case was referred to this court for trial. For the first time, more than seven months after his arrest and having been continuously free on bail, the defendant advised his then attorney of alibi witnesses. Notwithstanding the untimeliness of the alibi notice, the court granted defendant a short adjournment to bring in those witnesses. Jury selection commenced, during the course of which the prosecutor interviewed the purported alibi witnesses. Both of them declined to sign alibi statements. At that point, after 10 jurors had been sworn, the defendant moved to withdraw his plea of not guilty and to plead guilty to the first two counts of the indictment.
In the course of his plea, defendant fully admitted his guilt. He stated, however, that although the assault occurred on the “D” train that had been traveling from Manhattan to The Bronx, the actual assault took place after 161st Street, and thus occurred in Bronx County.
The People at that time stated that the complainant would testify that the crime occurred, as had been indicated in the voluntary disclosure form, in Manhattan as the train was moving between 125th Street and 155th Street. This court ruled that pursuant to CPL 20.40 (subd 4, par [f]), venue lay in either county and the plea was entered.
On September 16,1982, a new defense attorney filed the instant motion to vacate the plea and to dismiss, raising for the first time a lack of jurisdiction on the ground that the crime occurred in The Bronx and not in New York County. As noted, the defendant also invokes the court’s discretion for permission to withdraw his plea. (CPL 220.60, subd 3.) The People oppose, arguing that there is no jurisdictional defect and that because of the present unavailability of witnesses and consequent prejudice to the People, the plea should not be vacated.
The court declines to grant the motion for the following reasons:
1. Prosecution in New York County is not barred by defendant’s claim that the crime occurred in The Bronx.
*776 Because he contends this crime occurred after the subway train entered The Bronx, defendant argues that the courts of this county are without authority to entertain this prosecution. To the contrary, CPL 20.40 (subd 4) provides: “(f) An offense committed on board a railroad train, aircraft or omnibus operating as a common carrier may be prosecuted in any county through or over which such common carrier passed during the particular trip, or in any county in which such trip terminated or was scheduled to terminate.”
Notwithstanding this clear language conferring authority to prosecute in New York County, defendant relies upon two recent Court of Appeals decisions, People v Moore (46 NY2d 1) and People v Cullen (50 NY2d 168), for his claim that this county is without jurisdiction. Moore and Cullen are concerned not with the choice of forum for crimes aboard common carriers, but rather with crimes occurring in moving private vehicles. With regard to private cars, CPL 20.40 (subd 4) provides: “(g) An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip.”
The Court of Appeals in Moore and Cullen held that where a crime occurs in a private vehicle, the People may avail themselves of the choice of forum provision of paragraph (g), only if the exact location of the crime cannot be determined. Where the exact location is clear and undisputed, however, a conviction is legally sufficient only in the county of the crime’s commission. That is to say, where the location of the crime is evident and undisputed, a conviction is valid only in the county of occurrence and not in any other county through which the vehicle may have passed. (People v Moore, supra.)
Moore and Cullen also instruct that the county of commission is a jury question, especially if there is a dispute as to location. Where location is contested, a jury should be instructed that venue is established if the People have proved by a preponderance either that the crime occurred in the county of prosecution or that the exact location cannot be ascertained and the People have proved that the *777 vehicle passed through the county of prosecution. (People v Moore, supra; People v Cullen, supra, at p 174.)
Moore and Cullen are thus inapposite here for a variety of reasons. First, unlike Moore, where it was undisputed that the crime occurred elsewhere than the county of prosecution, the People here assert and intend to prove that the crime actually occurred in Manhattan. The complainant would so testify. On that basis alone, Moore is clearly distinguishable.
More significantly, even if the defendant challenged the location at trial, the location would then, according to Moore and Cullen, simply be for the jury to decide. Nothing in those cases teaches that just because the defendant disputes the People’s version, the People are barred from proceeding in the county in which they allege the crime occurred. Moore and Cullen do not bar prosecution in this county. They merely instruct as to the proper means of charging a jury where, as here, location is contested and as to the sufficiency of an ensuing conviction.
By defendant’s logic, a person accused of a crime aboard a moving subway could thwart his prosecution in any county. According to him, he cannot be prosecuted in Manhattan because he claims the crime occurred in The Bronx. In a Bronx prosecution, however, he need only refrain at trial from contesting the complainant’s version of where the stabbing occurred. He would thereby be entitled to a dismissal in The Bronx because the undisputed place of occurrence would be in Manhattan — a county other than the county of prosecution.
Finally, assuming arguendo that Moore and Cullen can somehow be read to limit the choice of forum for prosecution of crimes occurring in private cars, this court declines to extend that limitation to cases involving common carriers. The inherent difficulty of a victim aboard a speeding underground train in identifying the exact location of the crime, as well as the extraordinary incidence of crime aboard New York City subways, are compelling policy reasons for according greater latitude in choice of forum for crimes aboard common carriers.
2. Defendant has waived his right to challenge venue by his guilty plea.
*778 Defendant argues that his plea was not a knowing one because it was based upon his erroneous perception that New York County was competent to prosecute this case. Since this court rules that New York is the proper county, that argument is unavailing.
This defendant was aware at his plea that the county of occurrence was a contested issue. He entered his plea nonetheless. Had he proceeded to trial, he could have challenged the location and thus (assuming arguendo that Moore and Cullen apply to common carriers) required the People to prove by a preponderance either that the crime did occur in Manhattan or that the exact location was unascertainable. By pleading guilty, the defendant necessarily surrendered the right to have the People prove that fact as well as all other relevant matters.
A knowing and voluntary guilty plea constitutes a relinquishment of the right to put the People to their proof. It is also a relinquishment of the right to challenge that proof. Venue is not even an element of the crime requiring proof beyond a reasonable doubt; it need only be established by a preponderance. (People v Tullo, 34 NY2d 712; People v Hetenyi, 304 NY 80.) Proof of location is merely one of the proofs the defendant has relinquished by his plea. (People v Francis, 38 NY2d 150; People v Thomas, 74 AD2d 317.)
Equally unavailing is the defendant’s claim that the county of occurrence is a jurisdictional issue, as distinguished from one of venue, and hence cannot be waived by a guilty plea. (People v Thomas, supra.) Although the terms “venue” and “jurisdiction” are often used interchangeably, jurisdiction relates to the general power or competence of a court to try the accused. By contrast, venue in this instance means merely the place where the crime occurred. (People v Moore, 46 NY2d 1, 9-10, supra [Jasen, J., dissenting].) In its other civil context, venue means simply the most convenient geographical division for trial within a court of competent jurisdiction.
In this case, the issue of whether the crime occurred while the train was still in Manhattan or after it had entered The Bronx is one of venue only. Proof on that issue was knowingly and voluntarily relinquished by defendant when he pleaded guilty.
*779 3. Because of prejudice to the People and the defendant’s bad faith, a discretionary withdrawal of the plea is denied.
Because of the passage of time and the consequent unavailability of witnesses and physical evidence, the People would be severely prejudiced if the defendant were permitted to withdraw his plea and put the People to their proof. The defendant, moreover, has shown bad faith in the course of these proceedings. He waited until the eve of trial to tell his lawyer of “alibi witnesses”. As an educated man who had been continuously free on bail for over seven months, he understood the duty to give alibi notice before the eve of trial. It was only after 10 jurors were sworn and the purported alibi witnesses refused to perjure themselves on defendant’s behalf that this guilty plea was entered.
These reasons impel this court to deny, in its discretion, defendant’s motion to withdraw his voluntary, knowing and valid plea of guilty.