■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE PERRY, Appellant. — Judgment unanimously reversed, motion to suppress granted

and matter remitted to Supreme Court, Onondaga County, for further proceedings on the indictment. Memorandum: Defendant appeals from a judgment of conviction for manslaughter in the first degree resulting from a plea of guilty. Defendant contends that a statement made by him to his parole officer after his arrest and in the absence of counsel should have been suppressed because he was not given his *Miranda* warnings. After the filing of a felony complaint, a defendant may not waive his right to counsel in the absence of counsel (*People v Samuels,* 49 NY2d 218, 222). The rule applies retroactively as long as the matter is in the appellate process (*People v Pepper,* 53 NY2d 213, cert den 454 US 967) and may be raised for the first time on appeal (*People v Cullen,* 50 NY2d 168, 174). The statements made by defendant to the parole officer subsequent to his arrest should have been suppressed (*People v Parker,* 82 AD2d 661, affd 57 NY2d 815). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — manslaughter, first degree.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.