THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NICHOLAS BOTTA and JOSEPH CANNON, Appellants.

Second Department, April 2, 1984

### APPEARANCES OF COUNSEL

*Newman & Adler* (*Roger Bennet Adler* of counsel), for
appellants.

*Denis Dillon, District Attorney* (*Bruce E. Whitney* and
*Lawrence J. Schwarz* of counsel), for respondent.

### OPINION OF THE COURT

BROWN, J.

On these appeals we conclude that Nassau County had
geographic jurisdiction to prosecute the defendants on
gambling related charges based upon intercounty tele-
phone conversations between the defendants, one of whom
was operating a wireroom located in Queens County while
the other was supervising the operations from his home in
Nassau County.

Defendants Nicholas Botta and Joseph Cannon were
both charged under Nassau County indictment No. 52325

with four counts of promoting gambling in the first degree (Penal Law, § 225.10) in that, each aiding and abetting the other, they accepted more than five bets totaling in excess of $5,000 on each of four days, to wit: on or about October 18, 1980, November 15, 1980, November 28, 1980 and December 5, 1980.

The charges arose out of an investigation into bookmaking activities in Nassau County by police officers assigned to the Nassau County District Attorney's Squad. At trial, an undercover officer testified that during the summer of 1980 he was investigating the activities of the defendants, with the focal point of the investigation being a restaurant in Franklin Square, Nassau County. As a result of the undercover officer's efforts, it was ascertained that a wireroom (i.e., a room that is set up to accept telephonic bets for the purpose of bookmaking) was being operated by the defendants at 149-35 80th Street in Queens County. Based upon this information, eavesdropping warrants were obtained for two telephones located at the Queens wireroom and for a telephone located in defendant Botta's residence in Elmont, Nassau County.

As a result of these warrants, a number of telephone conversations were intercepted both emanating from and being received on the telephones at these two locations. On October 18, 1980, for example, both Botta and Cannon were overheard accepting more than five wagers totaling in excess of $5,000 over the telephone in the Queens wireroom. On that same day the investigators intercepted a conversation between Botta, who was then in his home in Nassau, and Cannon, who was in the Queens wireroom, in which Botta issued orders to Cannon regarding the operation of the wireroom. Cannon, it was claimed by the People, was merely a clerk who was primarily responsible for receiving and recording wagers, while it was Botta who supervised the operation and was responsible for determining who won and who lost.

On November 15, 1980, Botta and Cannon were each once again overheard receiving more than five wagers totaling in excess of $5,000 in the Queens wireroom and later that day Botta was overheard issuing instructions from his Nassau home to Cannon in the Queens wireroom.

On that same date, Botta was also overheard in his Nassau home attempting to collect gambling debts arising out of wagers made in the Queens wireroom.

On November 28, 1980, the defendants were each once again overheard at the Queens wireroom receiving more than five wagers totaling in excess of $5,000. On that same date, Botta was also overheard on the telephone in his home in Nassau County discussing a gambling debt with one of the wireroom's customers and accepting a wager from that individual which he then forwarded to Cannon in the wireroom in Queens.

Finally, on December 5, 1980, Cannon was overheard receiving more than five wagers totaling in excess of $5,000 at the wireroom. Later that day Cannon, who was in the wireroom, and Botta, who was in his home, were overheard discussing the possibility of someone interfering with the gambling operation.

After trial, the jury returned verdicts finding each defendant guilty under all four counts of the indictment.

Defendants now appeal, arguing, *inter alia,* that Nassau County lacked geographical jurisdiction to prosecute them for the crime of promoting gambling in the first degree (Penal Law, § 225.10, subd 1), since the wireroom at which the bets were received was located in Queens County and there was no evidence that on any of the occasions cited in the indictment more than five bets totaling more than $5,000 emanated from Nassau County.

The People counter that Nassau County was a proper forum since the evidence established that one of the elements of the offenses — that defendants knowingly advanced and profited from unlawful gambling activity — occurred in Nassau County. We agree with the People's argument.

A defendant's right to be prosecuted in the county where the crime was committed is rooted in both the common law and the State Constitution, unless by statute jurisdiction is vested upon some other venue as well (*People v Moore,* 46 NY2d 1, 6; *People v Goldswer,* 39 NY2d 656, 659-661; NY Const, art I, § 2). The People have the burden of proving that the crime is being prosecuted in the proper venue

either because it was committed in that venue or because one of the statutory exceptions applies (*People v Moore, supra*). Generally, the issue presents a question of fact to be decided by the trier of the facts (*People v Moore, supra; People v Hetenyi,* 304 NY 80). Since the question of the proper venue, however, is not an element of the charged offense, it need only be proved by a preponderance of the evidence rather than by proof beyond a reasonable doubt (*People v Lowen,* 100 AD2d 518; *People v Moore, supra; People v Tullo,* 34 NY2d 712; *People v Hetenyi, supra; People v Chaitin,* 94 AD2d 705, affd 61 NY2d 683; see, also, generally, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 20.40, pp 89-92; Necessity of Proving Venue or Territorial Jurisdiction of Criminal Offense Beyond Reasonable Doubt, Ann., 67 ALR3d 988).

Nassau County's assertion of jurisdiction in this case is predicated upon CPL 20.40 (subd 1, par [a]) which provides that:

"A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when:

"1. Conduct occurred within such county sufficient to establish:

"(a) An element of such offense".

The crime of promoting gambling in the first degree as charged in the indictment is defined as follows:

"A person is guilty of promoting gambling in the first degree when he knowingly advances or profits from unlawful gambling activity by:

"1. Engaging in bookmaking to the extent that he receives or accepts in any one day more than five bets totaling more than five thousand dollars" (Penal Law, § 225.10, subd 1).

The question then is what conduct occurred in Nassau County on each occasion alleged in the indictment which could be said to establish one of the elements of the offense. The evidence adduced at trial clearly establishes that on

each of the four days in question the Queens wireroom bookmaking operation took in over five bets totaling more than $5,000. Based upon this evidence, there would appear to be sufficient basis for an exercise of jurisdiction by Queens County. However, the People also adduced evidence establishing that on each of the four days in question Cannon and Botta engaged in telephone conversations between the Queens wireroom and Botta's Nassau County residence relating to the bookmaking operation.

Under CPL 20.60 (subd 1), "[a]n oral or written statement made by a person in one jurisdiction to a person in another jurisdiction by means of telecommunication, mail or any other method of communication is deemed to be made in each such jurisdiction". Thus, in this case the defendants' telephone conversations between Queens County and Nassau County must be considered as conduct occurring in each jurisdiction (see *People v Calandra,* 117 Misc 2d 972, 981). Therefore, even though defendant Cannon remained in Queens County, his telephone conversations with defendant Botta must be deemed to be conduct occurring in Nassau County, as well.

In our view, each of these conversations, which under the statute (CPL 20.60, subd 1) may be deemed to have occurred in Nassau County, were sufficient to establish one of the elements of the offense of promoting gambling in the first degree, to wit, that defendants knowingly advanced unlawful gambling activity.

As indicated, the People's theory was that Cannon was merely a clerk in the gambling operation responsible for recording bets, while Botta was the supervisor of the entire operation. The substance of each of the conversations overheard by the investigators dealt with either instructions by Botta as to the maintenance and operation of the wireroom or with the forwarding of a customer's wagers.

Under the Penal Law "[a] person 'advances gambling activity' when, acting other than as a player, he engages in conduct which materially aids any form of gambling activity" (Penal Law, § 225.00, subd 4). Such a definition obviously encompasses a broad range of conduct. The statute (Penal Law, § 225.00, subd 4) however, states that: "Such conduct includes but is not limited to conduct directed

towards the creation or establishment of the particular game, contest, scheme, device or activity involved, toward the acquisition or maintenance of premises, paraphernalia, equipment or apparatus therefor, toward the solicitation or inducement of persons to participate therein, toward the actual conduct of the playing phases thereof, toward the arrangement of any of its financial or recording phases, or toward any other phase of its operation." Based upon the content of their conversations, it can reasonably be concluded that both defendants were conversing for the purpose of facilitating "the actual conduct of the playing phases" of the bookmaking operation or for arranging the "financial or recording phases" of the operation.

Contrary to the contention of the defendants, in order for the People to satisfy their burden of proof on the issue of jurisdiction, it was not necessary for them to establish that on each occasion in question more than five bets totaling more than $5,000 emanated from Nassau County. Rather, it was only necessary that it be established by a preponderance of the evidence that one of the elements of the offense occurred in Nassau County. As we have stated, although the gambling operation was conducted primarily in Queens County since that is where the bets were received and recorded, there is sufficient evidence in the record to show that both defendants engaged in conduct in Nassau County which "advanced" the illegal gambling operation as that term is defined by statute (Penal Law, § 225.00, subd 4).

A person who knowingly advances or profits from unlawful gambling activity, regardless of the amounts involved, is guilty of the offense of promoting gambling in the second degree (Penal Law, § 225.05). Thus, defendants' conduct in Nassau County, standing alone, constituted a complete crime over which that county most assuredly had jurisdiction. The fact that additional conduct occurred elsewhere, which added an additional element and raised the degree of the offense, did not divest Nassau County of its jurisdiction over the offense. Conduct constituting one element of the offense occurred in Nassau County and it matters not that the other elements of the offense occurred in Queens County (see *People v Chaitin, supra*). Thus, we

conclude that the validity of Nassau County's assertion of jurisdiction in this case can be fairly and reasonably inferred from all the facts and circumstances in the record (see *Matter of Steingut v Gold,* 42 NY2d 311, 316).

We have examined defendants' other contentions, including defendant Cannon's claim that he was improperly sentenced as a prior felony offender (see *People v Alicea,* 61 NY2d 9), and find them to be without merit.

BRACKEN, J. P., WEINSTEIN and NIEHOFF, JJ., concur.

Two judgments of the County Court, Nassau County, both rendered December 20, 1982, affirmed.