■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY LORDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 19, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quantity and quality to establish the defendant's guilt beyond a reasonable doubt.

The remaining issues raised by the defendant are either unpreserved for review or without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR A. MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered March 20, 1985, convicting him of murder in the second degree, burglary in the first degree and arson in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not proved beyond a reasonable doubt. We do not agree. Upon the exercise of our factual review power, we are satisfied that the evidence was of sufficient quantity and quality to establish the defendant's guilt beyond a reasonable doubt. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK NOCELLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered December 9, 1985, convicting him of sexual abuse in the first degree and menacing, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Brennan, J.), of that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground of lack of jurisdiction.

Ordered that the judgment is affirmed.

The record reveals that the Supreme Court, Queens County, had proper jurisdiction to try the defendant pursuant to the private vehicle trip statute (see, CPL 20.40 [4] [g]; People v Moore, 46 NY2d 1). In addition, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (see, CPL 470.15 [5]). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.