◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD BAILEY, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered March 22, 1985, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), rape in the third degree (two counts), sodomy in the third degree (two counts), and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Following his arrest in connection with the alleged sexual assault upon the 14-year-old female complainant, the defendant gave a statement in which he admitted that he and the codefendant had, on the evening of January 1, 1984, offered the complainant a ride in their car, given her alcoholic drinks, and then taken her to a secluded location where the two men had sexual intercourse with her in the back seat of the car. The defendant claimed, however, that he was not aware of the age of the complainant and that she had consented to sexual activities.

We address first the defendant's claim that the People failed to satisfy their burden of demonstrating that Nassau County had the necessary geographical jurisdiction over the prosecution of this case (see, CPL 20.40; People v Moore, 46 NY2d 1, 6). We conclude that the evidence was sufficient to support the jury's implicit finding that the exact location of the incident was unknown and that the People were entitled to rely upon the "private vehicle exception" (see, CPL 20.40 [4] [g]; People v Moore, supra, at 6-8; People v Cullen, 50 NY2d 168, 173-174, rearg denied 50 NY2d 1059). The defendant's challenge to the propriety of the court's charge on the issue of jurisdiction has not been preserved for review as a matter of law (see, People v Pilgrim, 52 NY2d 730; People v Cullen, supra, at 173).

The defendant's claim that there was insufficient legal evidence to prove forcible compulsion (see, Penal Law § 130.00 [8]) is without merit. Viewing the evidence in the light most favorable to the prosecution, as we must (see, e.g., People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), the testimony of the complainant regarding the circumstances of

the joint attack upon her, together with the medical testimony regarding the bruises discovered about her perineal area and hymen ring, were more than sufficient for the jury to find that the sexual acts were the product of forcible compulsion. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt of the rape and sodomy charges beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's conviction of unlawful imprisonment in the second degree must be reversed in accordance with the doctrine enunciated in *People v Geaslen* (54 NY2d 510, 516-517). The proof in this case indicated that the unlawful imprisonment was incidental to the commission of the sex crimes, and thus merged with the rape and sodomy convictions *(see, People v Burgess,* 107 AD2d 703).

The defendant next contends that the court erred in permitting into evidence testimony concerning the alleged efforts by the defendant, following the attack, to force the complainant into prostitution, claiming that this testimony constituted impermissible evidence of an uncharged crime *(see, People v Allweiss,* 48 NY2d 40, 46-47). We disagree. In view of the defendant's defense of consent, the court properly admitted the testimony as relevant to the issues of motive and intent. The defendant's claim that the court should have given appropriate limiting instructions to the jury *(see, People v Williams,* 50 NY2d 996), is not preserved as a matter of law *(see, People v Ingram,* 67 NY2d 897; *People v Williams,* 50 NY2d 996, *supra),* since there was no request by the defendant for such instructions or any objection to the court's failure to give them.

The prosecutor's conduct on summation was less than admirable but does not warrant reversal *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Finally, the sentence imposed was not excessive. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.