(April 9, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR ENGLISH, Appellant.—Judgment of the Supreme Court, New York County (Gold, J.), rendered September 27, 1989, convicting defendant after a jury trial of rape in the first degree, for which he was sentenced as a second felony offender to 6 to 12 years, unanimously affirmed.

The evidence in this case established that as the victim waited for a friend in front of her building, defendant drove by and offered to smoke crack with her. She entered his car, and smoked crack, during which time defendant made several allusions to her providing oral sex. She ignored him. They

drove around for some time, before stopping in a Manhattan parking lot, and smoking more crack. At this point, defendant forcibly sodomized the victim, and commenced a 45 minute random drive which at least in part occurred in the Bronx. The victim testified that she did not know where they were driving, and at one point saw a sign for Yonkers. At some point in the drive, defendant pulled off to the side of the road, forced the victim to undress, demanded more oral sex, smoked more crack, and then raped her. At some point, they ended up back in Manhattan, where he dropped her off at her home. With respect to defendant's jurisdictional challenge to the New York County venue, we cannot conclude that the People proved by a preponderance of the evidence *(People v Tullo,* 34 NY2d 712) that it was impossible to determine in what county the rape occurred, permitting venue in any county through which the vehicle passed. (CPL 20.40 [4] [g].) The evidence does not lead us to conclude as a matter of law that the exact location of the rape can be ascertained *(cf., People v Moore,* 46 NY2d 1). Additionally, we do not find that the jury erred in concluding that one element of the offense occurred in New York County pursuant to CPL 20.40 (1) (a). We have examined defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.