OPINION OF THE COURT
Per Curiam.
Order entered February 25, 1994 reversed, on the law, verdict reinstated and matter remitted to Criminal Court for sentencing.
After rendition of a verdict in a nonjury trial finding defendant guilty of criminal possession of a forged instrument in the third degree (Penal Law § 170.20) and theft of services (Penal Law § 165.15 [3]), Criminal Court granted defendant’s motion to set aside the verdict upon the sole ground that New York County was not the proper place for trial. On the People’s appeal, we reverse and reinstate the verdict.
Evidence at trial was that defendant presented an "altered” or forged commutation ticket for passage aboard a Metro North commuter train en route to New York City. It is undisputed that the defendant’s conduct occurred in Westchester County, soon after the train left the Poughkeepsie station and prior to its arrival at the next and last station stop, Grand Central Terminal in Manhattan, and that defendant was immediately arrested there upon alighting from the train.
On these facts, we find that the People satisfied their burden of establishing by a preponderance of the evidence that New York County had proper jurisdiction to try the defendant pursuant to the common carrier trip statute (CPL 20.40 [4] [f]). The section reads: "An offense committed on board a railroad train, aircraft or omnibus operating as a common carrier may be prosecuted in any county through or over which such common carrier passed during the particular trip, or in any county in which such trip terminated or was scheduled to terminate.” (CPL 20.40 [4] [f].) That the conduct complained of took place while the commuter train was still in Westchester County provides no sound basis to divest New York County of the geographical jurisdiction over the offense expressly afforded by the broad mandate of the statute: permitting prosecution of a crime committed during the course of a multicounty trip in any county through which the common carrier passed or the county in which the trip terminated (see, People v Dowling, 84 NY 478, 486-488 [defendant "legally tried” under predecessor common carrier trip statute in Schenectady County for receiving stolen goods found in his possession in Albany County]). *519 Had the Legislature intended to except this situation from operation of the statute, it could have easily done so through simple language exempting from the statute the case in which the location of the crime can be identified. The Legislature did not so provide, and we must conclude that its omission in this regard was deliberate. A statute " ' "must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisioned all the problems and complications which might arise.” ’ ” (People v Tychanski, 78 NY2d 909, 911.)
People v Moore (46 NY2d 1), heavily relied upon by defendant, is inapposite. In Moore, a sharply divided Court of Appeals stated that the private vehicle trip statute (CPL 20.40 [4] [g]) was intended to be applied only to situations where "it [is] impossible to determine in what county the offense occurred” (supra, at 8). A bare majority of the Court, with three Judges dissenting, thus determined that venue was improperly laid in Kings County in a rape and first degree sexual abuse prosecution arising from conduct allegedly occurring in the defendant’s car after it had crossed the Kings County border and while parked in Queens County. The holding in Moore was "concerned not with the choice of forum for crimes aboard common carriers, but rather with crimes occurring in * * * private vehicles” (People v Ebron, 116 Misc 2d 774, 776; case cited approvingly in People v McLaughlin, 80 NY2d 466, 471), and should not be extended to the situation at bar, which is clearly covered by the common carrier trip statute liberally construed in Dowling (supra).
No legal principle or public policy consideration is furthered by the result urged by defendant and reached by the trial court — dismissal of an otherwise viable criminal prosecution "on a technicality without social significance or impact, except that obnoxious significance which empty technicalities enjoy.” (People v Moore, 46 NY2d 1, 11, supra [Jasen, J., dissenting].)
Parness, J. P., McCooe and Freedman, JJ., concur.