[997 NYS2d 53]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN THOMAS, Appellant.

First Department, November 18, 2014

## APPEARANCES OF COUNSEL

*Law Offices of Douglas G. Rankin, P.C.*, Brooklyn (*Douglas G. Rankin* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Yuval Simchi-Levi* and *Sheila O'Shea* of counsel), for respondent.

## OPINION OF THE COURT

RICHTER, J.

In this appeal, we are asked to decide whether the trial court erred in denying defendant's request for a charge on the territorial jurisdiction of New York State pursuant to CPL 20.20. The evidence at trial established the following. In February 2007, defendant Sean Judson Thomas was hired as an office manager for the Manhattan location of Fritz Hansen, a Danish furniture company. Defendant's job responsibilities included writing and signing checks to pay the company's invoices. Each month, defendant prepared a report listing the checks that were written,

and submitted the report, along with the respective invoices, to Nina Andersen, an accounting assistant who worked at Fritz Hansen's headquarters in Denmark. The checking account used to pay the invoices was maintained at a Manhattan branch of Nordea Bank.

In November 2011, Andersen noticed that certain invoices were missing from the materials defendant had sent her. She requested bank copies of the checks purportedly written to pay the invoices, and learned that 39 checks were made out to Judson Thomas. David Rosenkvist, defendant's supervisor, testified that he recognized the signature on the checks as that of defendant. Bank records showed that the 39 checks, totaling approximately $230,000, were deposited into defendant's TD Bank account, and those funds were subsequently used to pay for personal expenses.*

Several weeks after the theft was discovered, investigators from the New York County District Attorney's Office visited defendant at his home in New Jersey. When defendant answered the door, the investigators identified themselves and told him they wanted to talk to him about a check fraud case. Defendant invited the investigators into his home, and was questioned about the incident. During the interview, defendant admitted to writing Fritz Hansen checks to himself and depositing the money into his TD Bank account. He said that he did so for "stupid reasons" and that he was going to pay back the money.

At the charge conference, defendant asked the court to instruct the jury on New York State jurisdiction pursuant to CPL 20.20. Although the People had no objection to this charge, the court nevertheless denied defendant's request. The jury convicted defendant of grand larceny in the second degree, and defendant now appeals, arguing, inter alia, that the trial court's failure to charge the jury on jurisdiction constitutes reversible error.

For New York State to have jurisdiction in a criminal case, "either the alleged conduct or some consequence of it must have occurred within the State" (*People v McLaughlin*, 80 NY2d

---

* In September 2009, a personal bank account was opened at TD Bank under the name Judson Thomas. Bank documents showed that the account was opened using defendant's Social Security number. The account was initially funded with a check made out to Sean Judson Thomas that was drawn on the same bank account into which Fritz Hansen direct deposited defendant's salary. No evidence was presented as to where the TD Bank account was opened.

466, 471 [1992]). This territorial principle, which has its origins in early English common law (*id*. at 470), is codified in CPL 20.20, which sets forth various factual predicates for finding jurisdiction. Territorial jurisdiction "may never be waived" and must be established beyond a reasonable doubt (*id*. at 470-471). Venue, on the other hand, is a concept distinct from territorial jurisdiction, and addresses a defendant's right to be tried in the county where the crime was committed (*see* CPL 20.40). Because it relates only to the proper place of trial, and not to the power of the court to hear and determine the case, venue is waivable and need only be proved by a preponderance of the evidence (*McLaughlin*, 80 NY2d at 471-472).

When a defendant requests the court to instruct the jury on venue, it is error to deny the request even if the People's proof as to venue may be uncontradicted (*People v Greenberg*, 89 NY2d 553, 556 [1997]; *People v Moore*, 46 NY2d 1, 7 [1978]). Thus, "when requested to submit the issue to the jury it is doubtful whether it would ever be proper for the court to deny the request and decide the issue as a matter of law on the theory that the People have met their burden by uncontradicted proof" (*Moore*, 46 NY2d at 7; *see People v Ribowsky*, 77 NY2d 284, 292 [1991] [where defendant contested venue, it was error not to submit the question to the jury]). These principles apply equally to the issue of territorial jurisdiction, which has a higher burden of proof and which "goes to the very essence of the State's power to prosecute" (*McLaughlin*, 80 NY2d at 471).

*Moore* recognized that a court may dispense with charging venue in certain limited circumstances: where the defendant concedes that venue is proper, admits the facts upon which venue is based, or fails to request the instruction (*Moore*, 46 NY2d at 7). None of these circumstances is present here. Defendant neither conceded jurisdiction nor admitted facts upon which jurisdiction was based. Indeed, defendant challenged the State's jurisdiction, moved for a trial order of dismissal on that basis, and requested a CPL 20.20 jury instruction.

■ Here, the court erred by denying defendant's request to instruct the jury on territorial jurisdiction, particularly in light of the equivocal evidence as to where the crime took place. As defendant points out, no evidence was presented that he wrote the checks in New York State, that the TD Bank account into which the checks were deposited was located in this State, or that the checks were processed and paid out of Nordea Bank's Manhattan branch.

Indeed, the People do not argue on appeal that no charge on jurisdiction was required. Instead, they maintain that the court provided appropriate guidance to the jury on that issue. In support, they rely on the following portion of the charge:

> "In order for you to find the defendant guilty of [grand larceny in the second degree], the People are required to prove, from all the evidence in the case, beyond a reasonable doubt . . . [t]hat on or about and between September 1, 2009 and November 30th 2011, *in the County of New York*, the defendant, Sean Thomas, wrongfully took, obtained or withheld currency from its owner" (emphasis added).

This instruction, which is simply the standard instruction for larceny, fails to explain the requirements for jurisdiction set forth in CPL 20.20. Under that statute, as relevant here, "a person may be convicted . . . of an offense . . . committed . . . by his [or her] own conduct . . . when . . . [c]onduct occurred within this state sufficient to establish . . . [a]n element of such offense." The Criminal Jury Instructions (CJI) charge on territorial jurisdiction mirrors the statutory language, and further requires the jury to determine jurisdiction before they begin deliberations on whether the People have proved the defendant guilty of the charged crime (CJI2d[NY] Venue—State Venue). The italicized language above, which is included in all the CJI charges, did not inform the jury, as required, that they must specifically find that conduct establishing an element of second-degree grand larceny occurred in New York State, and thus is an insufficient substitute for the charge on jurisdiction. The People's position, if taken to its logical extreme, would lead to the absurd result that a court is never required to charge the jury on jurisdiction, and would arguably write CPL 20.20 out of all jury instructions. Furthermore, the purpose of the jurisdiction charge is to focus the jury on this question, and the standard charge on the elements of the crime does not advise the jury that they must decide the threshold jurisdictional issue before deciding anything else. Accordingly, defendant's conviction should be reversed and the matter remanded for a new trial.

■ Defendant's remaining challenges to the court's instructions are unavailing. No circumstantial evidence charge was required, because defendant's admission of his guilt constituted direct evidence (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Daddona*, 81 NY2d 990, 992-993 [1993]). Nor was defendant entitled to a claim-of-right charge (Penal Law § 155.15

[1]). On this record, there is no view of the evidence that defendant had a subjective good faith belief that he was entitled to surreptitiously write checks to himself totaling more than $230,000 from his employer's bank account (*cf. People v Zona*, 14 NY3d 488, 493 [2010]).

 The court properly denied defendant's motion to suppress the statements he made to the District Attorney's investigators. The evidence showed that defendant invited the investigators into his home and, at one point, left the room where he was being questioned. Under these circumstances, a reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]).

In light of our remand, we decline to address defendant's evidentiary challenges.

Accordingly, the judgment of the Supreme Court, New York County (Juan M. Merchan, J.), rendered June 25, 2013, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 1 to 3 years, with restitution in the amount of $229,172.74, should be reversed, on the law, and the matter remanded for a new trial.

GONZALEZ, P.J., SAXE, FEINMAN and KAPNICK, JJ., concur.

Judgment, Supreme Court, New York County, rendered June 25, 2013, reversed, on the law, and the matter remanded for a new trial.