◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS ALLEN, Appellant. [50 NYS3d 561]—

Appeal by the defendant from a judgment of the County

Court, Westchester County (Zambelli, J.), rendered November 12, 2013, convicting him of promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to present legally sufficient evidence proving his guilt of promoting prostitution in the third degree and establishing that Westchester County had geographical jurisdiction over the offense. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, and that he engaged in conduct constituting an element of the offense within Westchester County by a preponderance of the evidence (see CPL 20.40 [1]; 20.60 [1]; People v Giordano, 87 NY2d 441, 446 [1995]; People v Tullo, 34 NY2d 712, 714 [1974]; People v Botta, 100 AD2d 311, 314 [1984]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the prosecutor was not required to instruct the grand jury on territorial or geographical jurisdiction, as the evidence before the grand jury did not support a finding that either one was lacking (see People v Mitchell, 82 NY2d 509, 514 [1993]; People v Lancaster, 69 NY2d 20, 28 [1986]).

Contrary to the defendant's contention, he did not put territorial jurisdiction "in issue" such that the County Court should have submitted it to the jury (People v McLaughlin, 80 NY2d 466, 469-472 [1992]; see People v Wright, 243 AD2d 746 [1997]; cf. People v Thomas, 124 AD3d 56, 59 [2014]).

The County Court providently exercised its discretion in denying the defendant's request to question prospective jurors as to their attitudes or knowledge of matters of law (see People v Boulware, 29 NY2d 135, 141 [1971]; People v Robinson, 110 AD3d 1010 [2013]).

The County Court adequately instructed the jury on the correct standards applicable to determining whether the People established geographical jurisdiction (see People v Echevarria,

21 NY3d 1, 21 [2013]; *People v Umali*, 10 NY3d 417, 427 [2008]).

The County Court's inclusion of a substantive instruction not authorized by CPL 310.20 (2) on the verdict sheet did not constitute reversible error, as defense counsel was shown the verdict sheet before it was submitted to the jury and initialed it without voicing any objection and, therefore, his consent is implied (*see People v Bjork*, 105 AD3d 1258, 1264 [2013]; *People v Johnson*, 96 AD3d 1586, 1587 [2012]; *People v Spruill*, 245 AD2d 534, 535 [1997]). The prosecutor did not present any evidence of an uncharged crime or prior bad act of the defendant (*cf. People v Hudy*, 73 NY2d 40, 54 [1988]; *People v Alvino*, 71 NY2d 233, 241 [1987]).

The defendant's remaining contentions are without merit. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.