People v Chabot (2026 NY Slip Op 01697)

People v Chabot

2026 NY Slip Op 01697

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1008 KA 24-00031

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJASON A. CHABOT, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
JASON A. CHABOT, DEFENDANT-APPELLANT PRO SE.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered November 30, 2023. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count of sexual abuse in the first degree (Penal Law § 130.65 [3]) and two counts of endangering the welfare of a child (§ 260.10 [1]).
Defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Defendant failed to preserve for our review his challenge to the sufficiency of the evidence inasmuch as his motion for a trial order of dismissal was not specifically directed at the errors alleged on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Cooley, 220 AD3d 1189, 1189 [4th Dept 2023], lv denied 41 NY3d 964 [2024]). Contrary to defendant's assertion, a motion pursuant to CPL 330.30 is not, by itself, sufficient to preserve such a contention (see People v Padro, 75 NY2d 820, 821 [1990], rearg denied 75 NY2d 1005 [1990], rearg dismissed 81 NY2d 989 [1993]; People v Picente, 35 AD3d 1210, 1210-1211 [4th Dept 2006], lv denied 8 NY3d 949 [2007]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]).
We reject defendant's contention that Steuben County was an inappropriate venue for the trial of this matter. The People have the burden of proving by a preponderance of the evidence "that the county where the crime is prosecuted is the proper venue because either the crime was committed there . . . or one of the statutory exceptions is applicable" (People v Moore, 46 NY2d 1, 6 [1978]). When an offense is committed in an automobile during the course of a trip, "it may be impossible to determine in what county the offense occurred" (id. at 8). The private vehicle exception thus "insures a forum" (id.) by providing that "[a]n offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip" (CPL 20.40 [4] [g]). The private vehicle exception does not apply where the county in which the crime occurred is known (see People v Cullen, 50 NY2d 168, 174 [1980], rearg denied 50 NY2d 1059 [1980]). Contrary to defendant's contention, it was not possible to readily identify the location of the crime given that the conduct occurred at some point while defendant and the child victim were passengers in a motor vehicle being driven from Steuben County to Chemung County and back and that the witnesses could not identify precisely when during the trip the conduct occurred, as it was dark [*2]outside.
We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs, together with the trial exhibits submitted following the argument, and conclude that none warrants modification or reversal of the judgment.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court