■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY COLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered December 8, 1986, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Browne, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On April 10, 1985, at about 9:25 P.M., two police officers were on patrol car duty touring an area of Jamaica, Queens, known for its high incidence of auto stripping and theft. They observed a male working on the engine of a car with the air breather of the vehicle and a number of tools on the fender. Another individual, later identified as the defendant, was seated in the driver's seat and a third individual sat in the front passenger seat of the automobile. While one officer approached the individual working on the engine to request his license and registration, the second officer went to the driver's side of the vehicle, shined his flashlight into the window and noticed a gun on the console between the front bucket seats. The officers drew their weapons, removed the defendant from the driver's seat and seized the weapon from the console. At that same time, the third individual got out of the passenger seat of the subject vehicle, fled the scene and was never identified or apprehended. The defendant and the individual who had been working on the engine were arrested and charged with criminal possession of a weapon in the third degree.

At the hearing held on that branch of the defendant's omnibus motion which was to suppress the weapon, the police officer's testimony described the events leading to the discovery of the weapon and the arrest. The defendant's testimony essentially contradicted the officer's version of the events. The defendant claimed that when he had earlier taken a tape from the console, he had not observed any weapon and did not know that any weapon was present in the vehicle. He also suggested that the officer had placed the weapon in the vehicle. The hearing court denied suppression on the grounds that the defendant had no standing to challenge the constitutionality of the police seizure of the weapon because according to his testimony he did not own the automobile in which the weapon was found or know of its presence in the vehicle. Thus, the court concluded that the defendant had no legitimate expectation of privacy in the vehicle. However, the court

also expressly found that the officer's testimony was not incredible as a matter of law.

The case proceeded to trial and although the defendant was present during the first two days consumed by the selection of the jury, he failed to appear in court on the third day of trial providing no notice or explanation even to his defense attorney. The court adjourned the case for two days, holding several conferences with counsel, directing that inquiries be made to determine if the defendant was hospitalized or possibly rearrested on other charges, and issued a bench warrant for the defendant's arrest. The court noted at one point that it had never specifically warned the defendant that if he failed to continue to appear, the trial would proceed in his absence.

On March 14, 1986, following two days of adjournments of the trial to ascertain the defendant's whereabouts, the court directed the prosecutor to produce evidence as to the efforts made to locate the defendant. Two detectives assigned to the Queens District Attorney's office and the Assistant District Attorney assigned to prosecute the case testified. The detectives stated that they were unsuccessful in locating the defendant even though they went to several locations including the address given by the defendant as his residence, the home of his parents and the residence of a woman who was apparently the defendant's girlfriend. Armed with the defendant's photograph and the bench warrant, the detectives spoke to the defendant's stepfather and other persons related to the defendant's girlfriend, to no avail. A check of hospitals in the area of the defendant's apparent residence and the police records provided no information concerning him. The Assistant District Attorney stated that at one point during the proceedings a woman, who identified herself as the defendant's girlfriend, appeared in court and stated that the defendant was ill at her house and that she would return within a few hours to provide the court with medical documentation. The woman never returned. Based upon the evidence, the court ruled that despite the defendant's absence, the trial would proceed, because the defendant waived his right to be present. The defendant was convicted upon the jury's verdict, later was arrested and appeared in court for sentencing.

On this appeal, the defendant challenges his conviction on several grounds including the contention that the suppression court erred in failing to exclude the weapon seized by the police from the vehicle. Although we agree with the hearing court's ultimate determination denying the defendant's motion to suppress the weapon, we do so on different grounds.

The defendant correctly points out that subsequent to the hearing court's determination in this case, the Court of Appeals held that an individual does have standing to challenge the police search of the passenger compartment of an automobile if he is charged with criminal possession of a weapon predicated solely on the statutory presumption of possession (Penal Law § 265.15 [3]) arising from the discovery of a weapon in the passenger area of the vehicle *(People v Millan,* 69 NY2d 514). The circumstances in this case are analogous to those presented in *People v Millan (supra),* and based upon that holding, we find that the court erred in concluding that the defendant lacked standing to contest the search of the subject automobile.

However, we find that the evidence adduced at the hearing demonstrates that the police conduct was lawful and the defendant's motion was properly denied. There is no evidence to support the defendant's contention that the police officer's hearing testimony was incredible as a matter of law and patently tailored to nullify constitutional objections *(see, People v Brown,* 107 AD2d 754; *cf., People v Massiah,* 47 AD2d 931).

We also conclude that based upon the evidence in the record, the defendant forfeited his right to be present at trial by voluntarily failing to appear in court on the third day of trial, without explanation, after being present during the first two days of jury selection *(see, Taylor v United States,* 414 US 17, 20; *People v Sanchez,* 65 NY2d 436). After making reasonable efforts to locate the defendant, the court properly determined that the trial should proceed in his absence.

The statutory presumption of the possession of a weapon under Penal Law § 265.15 (3) is applicable to this case *(see, People v Lemmons,* 40 NY2d 505; *People v Velez,* 100 AD2d 603). Thus, viewing the evidence adduced at trial in a light most favorable to the prosecution, we find that it was legally sufficient to support the conviction *(see, People v Contes,* 60 NY2d 620). Additionally, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we find that the imposed indeterminate sentence of from 3 to 6 years' imprisonment was neither unduly excessive nor harsh under the circumstances of the case at bar. Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.