■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DOMINICK RICIGLIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 3, 1986, convicting him of assault in the first degree, attempted assault in the first degree, reckless endangerment in the first degree, criminal mischief in the fourth degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a police officer, was convicted of criminal acts arising from his involvement while off duty in an altercation with the complainant during which the defendant fired five shots from his off-duty revolver into the complainant's automobile windshield, and, while acting in concert with the codefendant, allegedly severely beat the complainant with his gun butt and an ax handle. The complainant sustained a head injury which required 71 stitches and an injury to his finger which resulted in the amputation of the fingertip.

The defendant's contention that his due process rights under *Brady v Maryland* (373 US 83) were violated by the release by the District Attorney's office of the complainant's automobile is without merit. The automobile was vouchered and impounded by the police, then released without authorization of the District Attorney's office and destroyed by the complainant's father's insurance company. The inadvertent release of the car involved in the incident did not result from the People's bad faith, and it was not unduly prejudicial to the defendant.

The dismissal of an indictment due to destruction of evidence in the People's custody is a drastic remedy and the fashioning of less severe sanctions is within the sound discretion of the trial court *(see, People v Kelly,* 62 NY2d 516; *People v Nieves,* 133 AD2d 234, *lv denied* 70 NY2d 935). In this case the court found after a thorough hearing on the issue that the destruction of the car was a result of inadequate procedural coordination between the police department and the District Attorney's office, and that the defendant had not been unduly prejudiced by its destruction. The court imposed the sanction of allowing the defendant, if he so wished, to present the events leading to the car's destruction to the jury, so that the jury could assess the People's credibility in the matter. In addition, several detailed photographs had been made and certain forensic tests had been performed prior to its destruction from which the defendant's expert could adequately

reconstruct the events at issue from these photographs and test results. Under the circumstances the court did not abuse its discretion *(see, People v Kelly, supra).*

The trial court did not unduly restrict the defendant's cross-examination of the complaining witness. It allowed ample impeachment of trial testimony by means of inconsistent statements made at a prior trial which ended with a hung jury. It is well settled that the trial court is afforded discretion in controlling the nature and extent of cross-examination in the proceeding before it *(see, Feldsberg v Nitschke,* 49 NY2d 636, 643, *rearg denied* 50 NY2d 1059; *People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846; *Langley v Wadsworth,* 99 NY 61, 63).

The trial court correctly denied the defendant's motion to dismiss the indictment on the ground that the People should have submitted to the Grand Jury the results of a polygraph examination the complainant allegedly failed. Polygraphs are not considered competent evidence at trial *(see, People v Shedrick,* 66 NY2d 1015; *Pereira v Pereira,* 35 NY2d 301; *People v Leone,* 25 NY2d 511).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.