■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY J. REED, Appellant.—Levine, J. Appeal from a judg-

---

ment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 14, 1987, convicting defendant following a nonjury trial of the crimes of burglary in the second degree and petit larceny.

Defendant was indicted in February 1987 for burglary in the second degree and grand larceny in the fourth degree. After pretrial proceedings were concluded, a nonjury trial of defendant commenced on June 9, 1987. At the conclusion of the People's case, defendant called one witness. After this testimony was completed, defense counsel requested an early luncheon recess so that he and defendant could confer on whether defendant would testify on his own behalf. County Court recessed the trial to 1:30 P.M. When court resumed, defense counsel advised that defendant was not present and asked for time to locate him. At 2:30 P.M., counsel advised that defendant was nearby, en route to the courthouse and asked for a further postponement. At about 3:40 P.M., defendant still had not appeared, and defense counsel confirmed that he had been in communication with someone on defendant's behalf and suggested only that defendant had absconded because of being intimidated by the presence of additional courtroom security officers that morning. County Court then directed that the trial go forward. Upon waiver of summations, the court found defendant guilty of burglary in the second degree and petit larceny. Defendant was arrested on a bench warrant and was present for his subsequent sentencing.

Defendant's sole argument on appeal is that, in proceeding to the conclusion of the trial in his absence, County Court violated his constitutional and statutory rights to be present during all stages of the trial. We disagree. Under the facts presented to the court during its several inquiries on the record, the court could reasonably have concluded that defendant voluntarily absented himself and thereby forfeited his right to be present during the trial (see, Taylor v United States, 414 US 17, 19-20; People v Smith, 66 NY2d 755, 756; People v Sanchez, 65 NY2d 436, 443; People v Collins, 137 AD2d 542, 545; People v Coumbes, 119 AD2d 935, 937, lv denied 68 NY2d 811). This is confirmed by the fact that, at sentencing, the only explanation or excuse proffered by defendant for his failure to return from the noon recess of the trial was the same suggestion of feeling threatened in some way by the presence of additional security guards in the courtroom, a clearly insufficient basis to support any claim that his absence was not voluntary (see, Taylor v United States, supra, at 20).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.