■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ELLIE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Demakos, J.), rendered November 21, 1983, convicting him of rape in the first degree and unlawful imprisonment in the second degree under indictment number 3563/82, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Slavin, J.), rendered April 30, 1987, convicting him of bail jumping in the first degree, indictment number 3256/82, upon his plea of guilty, and imposing sentence.

Ordered that the appeal from the judgment rendered April 30, 1987 is dismissed as abandoned; and it is further,

Ordered that the judgment rendered November 21, 1983 is modified, as a matter of discretion in the interest of justice, by reversing the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment rendered November 21, 1983 is affirmed.

The proof in this case indicated that the unlawful imprisonment was incidental to the commission of the rape "and thus merged with the rape" conviction (People v Bailey, 133 AD2d 462, 463). Accordingly, under the merger doctrine, dismissal of the unlawful imprisonment charge is warranted (see, People v Geaslen, 54 NY2d 510, 517; People v Bailey, supra).

We have reviewed the defendant's remaining arguments and find them to be either unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Draksin, 145 AD2d 500; People v Ricigliano, 138 AD2d 751; People v Suitte, 90 AD2d 80). Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.