■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY K. SPARKS, Appellant.—Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered September 11, 1990, convicting defendant upon his plea of guilty of the crimes of sodomy in the second degree and sodomy in the third degree.

Defendant argues that he was denied effective assistance of counsel due to defense counsel's failure to pursue a motion to suppress a statement made by defendant. We find that defense counsel's representation of defendant met the standards enunciated in *People v Baldi* (54 NY2d 137). Defense counsel worked out an advantageous plea bargain whereby defendant was allowed to plead guilty to two crimes in full satisfaction of eight multicount indictments. An additional part of the plea bargain allowed defendant's sentences to run concurrently with each other and with any sentences imposed for similar crimes for which defendant was to be sentenced in an adjoining county. Defense counsel's determination not to pursue the pending suppression motion as a part of the plea bargain was an appropriate tactical decision *(see, People v Wall,* 142 AD2d 883, *lv denied* 73 NY2d 861).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. FUDGE, Appellant.—Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 27, 1987, upon a verdict convicting defendant of the crimes of robbery in the first degree, kidnapping in the second degree, criminal possession of stolen property in the second degree and criminal possession of a forged instrument in the second degree.

Defendant forfeited his right to be present at trial by failing to return to the trial following a recess after being repeatedly warned by County Court that such a failure would result in continuation of the trial in his absence *(see, People v Sanchez,* 65 NY2d 436; *People v Reed,* 148 AD2d 809). County Court made sufficient inquiry into the surrounding circumstances to determine that defendant's failure to appear was deliberate, and was therefore justified in proceeding with the trial in absentia *(see, People v Bennett,* 162 AD2d 825).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.