■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DELGADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered April 30, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The station house viewing of the defendant by an undercover officer, which was conducted shortly after his arrest and only three-and-one-half hours after the drug transaction, was merely for the purpose of confirming that the right person had been arrested. Under these circumstances, the trial court properly denied the defendant's request for a *Wade* hearing *(see, People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262; *People v Davis,* 141 AD2d 831; *People v Marrero,* 110 AD2d 785).

We also conclude that the defendant forfeited his right to be present at trial by voluntarily failing to appear in court on the fifth day of trial *(see, Taylor v United States,* 414 US 17, 20; *People v Sanchez,* 65 NY2d 436). Moreover, after making reasonable efforts to locate the defendant, the trial court properly determined that the trial should proceed in his absence *(see, People v Collins,* 137 AD2d 542, 545).

Finally, it is well settled that the trial court is afforded wide latitude and broad discretion in limiting the nature and extent of cross-examination in the proceeding before it *(see, People v Almeida,* 159 AD2d 508, 509; *People v Ricigliano,* 138 AD2d 751, 753). Since the station house showup was merely confirmatory, the trial court did not improvidently exercise its discretion in limiting defense counsel's cross-examination of the People's witnesses on the issue of its suggestiveness. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.