■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS TAYLOR, Appellant. [650 NYS2d 978] —Appeal by the defen-

dant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered July 25, 1994, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, the People discharged their initial burden of coming forward with evidence establishing the reasonableness of the lineup procedure and the lack of any undue suggestiveness *(see, People v Chipp,* 75 NY2d 327).

The defendant forfeited his right to be present at trial by voluntarily failing to appear in court after being notified that the trial would proceed without him upon his failure to appear *(see, People v Parker,* 57 NY2d 136). After making reasonable efforts to locate the defendant, the trial court properly determined that the trial should proceed in his absence *(see, People v Parker, supra; People v Delgado,* 186 AD2d 579).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or relate to harmless error. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.