■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. GOOLEY, Also Known as JAMES MURRAY, Also Known as JAMES GOOLEY MURRAY, Appellant. [69 NYS3d 127]—

Rumsey, J. Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered August 22, 2014, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was charged by indictment with the crimes of criminal sexual act in the first degree, two counts of criminal sexual act in the second degree and three counts of sexual abuse in the first degree based on allegations that he had sexually abused the grandson and granddaughter of his long-term girlfriend. Upon a jury trial, defendant was convicted of one count of sexual abuse in the first degree as it related to the grandson (hereinafter the victim) for conduct occurring in 2004, when the victim was nine years old; he was acquitted of the remaining charges. He was sentenced to a prison term of seven years, with 10 years of postrelease supervision. Defendant now appeals.

Defendant first argues that his constitutional right to confront the witnesses against him was violated by County Court's limitation of the scope of his cross-examination of the victim—who was 19 years old at the time of trial—regarding the victim's home life, which defendant's counsel characterized as "turbulent," and the victim's hospitalizations for mental health issues. A defendant has the constitutional right to confront witnesses through cross-examination (*see People v Stahl*, 141 AD3d 962, 964 [2016], *lv denied* 28 NY3d 1127 [2016], *cert denied* 583 US —, 138 S Ct 222 [2017]; *People v Tirado*, 109 AD3d 688, 689 [2013], *lv denied* 22 NY3d 959 [2013], *cert denied* 574 US —, 135 S Ct 183 [2014]); however, that right is not absolute (*see People v Corby*, 6 NY3d 231, 234 [2005]). Upon reviewing the record, we conclude that the court permitted sufficient cross-examination of the victim with respect to those topics. The court permitted inquiry into the victim's living situation during the relevant time period and, in response to questions posed during cross-examination, the victim testified that there were "many occasions where [his parents] had split up," and described how he had lived in the homes of several different family members, including his mother and both grandmothers, often for short periods of time. In light of the scope of cross-examination that was permitted on this issue, the court properly denied defendant's request to admit Family Court records. With respect to the victim's history of treatment and hospitalization for mental health issues,

County Court permitted cross-examination regarding the victim's psychiatric history—including questions about whether he had suffered from depression or had experienced suicidal thoughts—and the victim admitted that he had received counseling for depression when he was 15 years old. In response to questions regarding his use of alcohol and drugs, he admitted to the use of marihuana. In light of the scope of cross-examination permitted, and based on our review of the record, we conclude that the court did not err in denying defendant's request to admit records related to the victim's record of treatment and hospitalization for mental health issues to impeach his credibility (*see e.g. People v Bowman*, 139 AD3d 1251, 1254 [2016], *lv denied* 28 NY3d 927 [2016]; *People v Tirado*, 109 AD3d at 689).

We also reject defendant's contention that County Court erred in allowing an expert witness to testify regarding child sexual abuse accommodation syndrome. It is well-accepted that such testimony may be admitted "to explain a victim's behavior that jurors might otherwise misunderstand or perceive as unusual, such as a child's failure to promptly report abuse" (*People v Pomales*, 49 AD3d 962, 964 [2008] [internal quotation marks and citations omitted], *lv denied* 10 NY3d 938 [2008]; *see People v Gregory*, 78 AD3d 1246, 1247 [2010], *lv denied* 16 NY3d 831 [2011]; *People v Maggio*, 70 AD3d 1258, 1260-1261 [2010], *lv denied* 14 NY3d 889 [2010]; *People v Higgins*, 12 AD3d 775, 778 [2004], *lv denied* 4 NY3d 764 [2005]). Here, the expert testified that she had never met either child or defendant, nor had she reviewed any information specifically pertaining to this case. Her testimony was appropriately limited to educating the jury about child sexual abuse accommodation syndrome generally, and defendant was afforded the opportunity to cross-examine the expert witness. Under such circumstances, the testimony was properly admitted.

Defendant's contention that County Court erred in continuing the trial in his absence also lacks merit. A defendant who appears at trial but thereafter voluntarily absents himself or herself forfeits the right to be present for the remainder of the trial (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *People v Reed*, 148 AD2d 809, 810 [1989]; *People v Rios*, 126 AD2d 860, 862 [1987]). Defendant was present at trial through the close of proof. On August 8, 2014, when closing arguments and the final instructions to the jury were scheduled, defendant was hospitalized due to serious injuries that he sustained in a single-vehicle automobile accident. With the consent of defendant and the People, the court conferred with defendant's treat-

ing physician, who advised that defendant had sustained multiple fractures, was receiving dialysis as a result of having ingested antifreeze and would likely be hospitalized for several weeks. The court also heard testimony from a paramedic who interviewed defendant at the accident scene and testified that defendant had stated that he drank coffee infused with antifreeze on the morning of the accident in an effort to harm himself and, further, that he was not wearing a seat belt at the time of the accident. We conclude that the court properly determined that such evidence demonstrated that defendant's absence was voluntary and, therefore, properly continued the trial in his absence.

Lastly, we find no merit to defendant's contention that his sentence was harsh and excessive in light of the facts that he had no prior criminal history and was 70 years old when he was sentenced. Given the age of the victim and defendant's complete lack of remorse for his abuse of a child entrusted to his care, we do not find any extraordinary circumstances or an abuse of discretion that warrants modification of County Court's imposition of the maximum permitted sentence (*see People v Adams*, 135 AD3d 1154, 1158 [2016], *lv denied* 27 NY3d 990 [2016]; *People v Sorrell*, 108 AD3d 787, 794 [2013], *lv denied* 23 NY3d 1025 [2014]).

Egan Jr., J.P., Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.